State v. Crawford

---

STATE OF NORTH CAROLINA v. ALLEN WAYNE CRAWFORD

No. 7526SC1073

(Filed 19 May 1976)

1. **Criminal Law § 43— questions about photograph — proper foundation**
   A proper foundation was laid for cross-examination of defendant about a photograph taken of him in a hospital emergency room where defendant admitted that it was a photograph of himself.

2. **Criminal Law § 89— impeachment of witness — criminal and degrading conduct**
   District attorney's questions to defendant's alibi witness as to whether the witness had participated in a school riot and beat up an officer did not exceed the bounds of propriety since the questions were proper inquiries for the purpose of impeachment and there is no suggestion that the questions were groundless or not asked in good faith.

3. **Criminal Law § 102— jury argument — use of photograph not admitted in evidence — harmless error**
   Defendant was not prejudiced by the district attorney's use in his jury argument of a photograph of defendant not introduced in evidence for the purpose of contradicting defendant's assertion that he was assaulted by officers while in the hospital where the court sustained defendant's objection thereto, the district attorney apologized for using the photograph, and defendant had been cross-examined regarding the photograph and admitted it was a photograph of himself.

APPEAL by defendant from *Thornburg, Judge.* Judgments entered 21 August 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 April 1976.

Defendant, along with one Leon Erain Foster, was tried and convicted of (1) the felony of armed robbery and (2) the misdemeanor of assault with a deadly weapon.

The State's evidence tends to show the following: At about 3:00 p.m. on 8 March 1974 three or four Negro youths entered Douglas Furs in Charlotte. Two of them brandished pistols and demanded that the cash drawer be opened. A visitor in the business establishment was forced to lie on the floor. After the sole employee on duty opened the cash drawer, she too was forced to lie on the floor. Officer Love became suspicious when he saw four Negro youths run across Elizabeth Avenue from the Douglas Furs Store and decided to follow them in his car. Defendant Crawford was in the group. About two blocks from the store Crawford and the other three youths entered defendant Crawford's automobile and drove away. Officer Love learned by radio that Douglas Furs had been robbed, and as he followed defendant Crawford's car, he used his police radio to ask for assistance. A high speed chase ensued, and defendant Crawford wrecked his car; thereafter, three of the four were apprehended. A paper bag of money, specifically identified as having come from Douglas Furs, was found under the front seat of Crawford's wrecked car. The two pistols were also recovered, one of them from defendant Crawford.

Defendant Crawford offered evidence which tended to show the following: Crawford was sitting in his parked car when four youths approached and asked for a ride. After the four entered his car, one of them threatened him with a pistol and forced him to try to outrun Officer Love's car. Crawford did not know the names of the four youths, and Crawford did not participate in the robbery or the assault.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Jerry W. Whitley, for the defendant.*

BROCK, Chief Judge.

[1]   On direct examination defendant Crawford testified that four police officers beat him while he was in the hospital emergency room for treatment of a gunshot wound received in his attempt to avoid apprehension. On cross-examination the district attorney asked defendant if he remembered a police officer taking his picture while he was in the emergency room, and then displayed a photograph to him. Defendant answered that he did not, but also refused to deny that it was a picture of himself. The district attorney then asked defendant to show him any

State v. Crawford

bruise or cut on his face visible in the picture. Defendant objected on the grounds that taking his picture in the hospital emergency room constituted an invasion of his right of privacy. The objection was overruled, and defendant answered that he could show where his lip was cut. Defendant argues on appeal that it was error to permit the questions about the photograph because no proper foundation had been laid. It is questionable whether this argument is preserved by the exception because at trial the objection was on the specific ground of invasion of privacy. In any event the argument is feckless. Defendant admitted that it was a photograph of himself.

[2] On cross-examination of defendant's alibi witness, one Bobby Westbrook, the district attorney sought to impeach Westbrook by the following questions:

Question: "Not even a month had passed at Myers Park High when you participated in a riot there, didn't you?"

Defense Counsel: "Objection."

The Court: "Sustained."

Question: "In fact, you were beating up an officer."

Defense Counsel: "Object."

The Court: "Sustained."

From the remarks thereafter made by the trial judge to the district attorney, it seems that the trial judge considered the foregoing questioning improper conduct on the part of the district attorney and specifically restricted the further cross-examination as follows: "Now if you want to ask him what he has been convicted of, do that, otherwise we will go on to another area." Defendant argues on appeal that the district attorney's conduct exceeded the bounds of propriety and such conduct entitles defendant to a new trial. This argument is wholly without merit.

There is no suggestion that the questions by the district attorney were groundless or otherwise not asked in good faith. The questions appear to be proper inquiries for the purpose of impeaching the witness. If the trial judge committed error, it was error favorable to defendant and prejudicial to the State by confining the district attorney to questions of what the wit-

ness "has been convicted of." A witness, including a defendant in a criminal case, "may not be cross-examined as to whether he has been indicted or is under indictment, or has been accused either informally or by affidavit on which a warrant is issued, or has been arrested, for a criminal offense other than the one for which he is then on trial," *State v. Sharratt and Richardson,* 29 N.C. App. 199 (filed 21 April 1976), because such questions relate only to accusations against the witness. However, for purposes of impeachment a witness, including the defendant in a criminal case, may be cross-examined concerning prior convictions. *State v. Sharratt and Richardson, supra.* And, for purposes of impeachment, such witness may be cross-examined "by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. (Citations omitted.) Such questions relate to matters *within the knowledge of the witness,* not to accusations of any kind made by others." *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971).

[3]  During argument to the jury the district attorney picked up the photograph of defendant Crawford taken while Crawford was lying in the hospital. The record on appeal does not disclose what the district attorney did with the photograph or what he said about it. Nevertheless, if we assume that the district attorney referred to the photograph as contradicting defendant's assertion that he was assaulted by the police officers while he was lying in the hospital, defendant's prompt objection was timely and properly sustained. The district attorney apologized to the court and to the jury for overlooking the fact that the photograph had not been formally introduced in evidence. In view of the fact that defendant had been cross-examined regarding the photograph, admitted that it was a photograph of himself, and admitted that it displayed only a cut on his lip, coupled with the court's action and the apology by the district attorney, we deem this inadvertence on the part of the district attorney to be nonprejudicial.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.