STATE OF NORTH CAROLINA v. ALBERT REID GREENE

No. 7625SC919

(Filed 4 May 1977)

1. Criminal Law § 146.4— constitutionality of statutes — failure to raise question in trial court

    The constitutionality of statutes allegedly violated by defendant will not be considered on appeal where the question of the constitutionality of the statutes was not raised in the trial court.

2. Criminal Law § 102.9— district attorney's jury argument

    The trial court did not err in overruling defendant's objection made when the district attorney pointed his finger at defendant during his jury argument and asked the jury to observe the size and build of defendant and to recall the size and age of the State's fifteen-year-old witness, since the district attorney did not characterize defendant, and the argument was relevant in view of defendant's attack on the credibility and demeanor of the State's witness.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 27 July 1976, in Superior Court, CALDWELL County. Heard in the Court of Appeals 12 April 1977.

Upon pleas of not guilty defendant was tried upon charges of felonious (1) breaking and entering and (2) larceny.

The State's evidence tended to show that on 15 April 1976 defendant and Darrell Church, a 15-year-old boy who testified under subpoena for the State, broke into the home of Wayne Story in rural Caldwell County while Story was away and stole his collection of rifles, shotguns, and handguns having a value of $1,375.00. They hid the weapons in the woods behind the Story house. The weapons were found there by law officers the following day, after they talked to Church.

Defendant did not offer evidence.

Defendant was found guilty as charged and appealed from the judgment imposing consecutive sentences to imprisonment.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Acie L. Ward for the State.*

*Bryce O. Thomas, Jr. for defendant appellant.*

State v. Greene

CLARK, Judge.

The defendant contends that G.S. 14-72(b)(2) and G.S. 14-54(a) are unconstitutional in that the two statutes elevate the crimes from misdemeanors to felonies in violation of the due process and equal protection clauses of the Federal Constitution and the State Constitution. G.S. 14-72(b)(2) makes the crime of larceny a felony if committed pursuant to a breaking or entering. G.S. 14-54(a) makes breaking or entering a felony if done "with intent to commit any felony or larceny therein . . . . "

It does not appear from the record on appeal that this question of constitutionality was raised in the trial court. When the State concluded its evidence and rested, defense counsel announced that he would "like to make the motions at this time." The motions, whatever they were, were denied.

The procedure for raising the question is found in G.S. 15A-954(a)(1) and (c), which provide that a motion to dismiss on the ground that the statute alleged to have been violated is unconstitutional on its face or as applied to the defendant may be raised at any time in the trial court. Though the motion may be made at any time, if made and heard before trial under G.S. 15A-952, an unnecessary trial may be avoided. If the motion is based on unconstitutionality of the statute on its face, hearing would be limited to a consideration of the record and the questioned statute. See *State v. Lee*, 277 N.C. 242, 176 S.E. 2d 772 (1970). If the motion is based on unconstitutionality of the statute as applied to the defendant, an evidentiary hearing may be necessary for the purpose of determining its discriminatory application to the defendant. See *Mobile Home Sales v. Tomlinson*, 276 N.C. 661, 174 S.E. 2d 542 (1970).

[1] It does not appear that defendant raised in the trial court the question of the constitutionality of the cited statutes, but appears that the question was raised for the first time on appeal. Ordinarily, an appellate court will not pass upon a constitutional question which was not raised and passed upon in the court below. *State v. Jones*, 242 N.C. 563, 89 S.E. 2d 129 (1955); N.C.R. App. P. 10; 1 Strong, N. C. Index, Appeal and Error § 3 (3d ed. 1976); 16 C.J.S., Constitutional Law § 96 (1956). Since the question of the constitutionality of the statutes, G.S. 14-72(b)(2) and G.S. 14-54(a), was not raised in the trial court, we decline to pass upon the question on this appeal.

[2]   During his argument to the jury, the District Attorney pointed his finger at the defendant and asked the jury to look at the defendant, to observe his size and build, and to recall the size and age of the witness Church. Defendant's objection was overruled. It was stipulated that defense counsel argued to the jury that Church's demeanor was that of one lying and that the District Attorney argued that Church's demeanor was that of one afraid to testify. It is the general rule that argument to the jury must be supported by the evidence. *State v. Crawford,* 29 N.C. App. 487, 224 S.E. 2d 680 (1976). The District Attorney should not make characterizations of a defendant which are intended to prejudice him in the eyes of the jury when there is no evidence from which such characterization may legitimately be inferred. *State v. Britt,* 288 N.C. 699, 220 S.E. 2d 283 (1975). But in the case before us the jury had the opportunity to observe the size and build of the defendant who was present during trial; the District Attorney limited his argument to these physical characteristics without characterizing the defendant. The argument was relevant in view of the attack on the credibility and demeanor of the State's witness. We find no abuse of discretion by the trial court in overruling defendant's objection to this argument.

We find that defendant had a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.