STATE OF NORTH CAROLINA v. JAMES RICHARD DAVIS

No. 8928SC373

(Filed 19 December 1989)

1. **Constitutional Law § 28 (NCI3d)— prosecution of tax protestor—not selective prosecution**

   The trial court did not err by denying defendant's motion to dismiss tax related charges on the ground of selective prosecution. Defendant failed to show that prosecution was based on his affiliation with a recognizable, distinct class that suffered discrimination while others similarly situated were ignored in that his statistical evidence was too tenuous and he was incorrect in comparing the rate of prosecutions against the Patriot Network tax protestors with the number of people who fail to file but are not tax protestors. Defendant ignores the fact that preceding 1988 the Special Investigation Unit of the Department of Revenue initiated charges against numerous non-Patriot Network members.

   **Am Jur 2d, Criminal Law §§ 833, 834.**

2. **Constitutional Law §§ 28, 18 (NCI3d)— tax protestor—selective enforcement—no violation of free speech**

   A tax protestor's contention that the statutes under which he was charged, N.C.G.S. § 105-236(9) (failure to file a return) and N.C.G.S. § 105-236(7) (tax evasion), were unconstitutional as applied to him and that they represented attempts to suppress his right to free speech was feckless, even assuming that the State singled defendant out for prosecution because of his vocal stand against paying income taxes, because such prosecutions are predicated in part on a potential deterrent effect and serve a legitimate interest in promoting more general tax compliance.

   **Am Jur 2d, Criminal Law §§ 833, 834.**

3. **Searches and Seizures § 1 (NCI3d)— tax protestor—administrative summons—wage and exemption records—not an illegal search**

   The trial court did not err in the prosecution of a tax protestor by denying his motion to suppress evidence obtained pursuant to N.C.G.S. § 105-258, an administrative summons

STATE v. DAVIS

[96 N.C. App. 545 (1989)]

statute used by the Department of Revenue to obtain wage and exemption information from defendant's former employer. A summons under N.C.G.S. § 105-258 would violate constitutional protections if it was overly broad, not issued in good faith for a legitimate purpose, or not relevant to that purpose. The information sought must not be in the possession of the Department at the time the summons is issued, and the proper administrative steps must be followed in issuing the summons. The Department of Revenue complied with those requirements in this case, rendering defendant's assignments of error without merit.

**Am Jur 2d, Searches and Seizures § 28.**

4. **Taxation § 28.5 (NCI3d)— tax evasion—failure to give notice of assessment of taxes—not related to criminal offenses**

The trial court did not err by denying defendant's motions to dismiss tax related charges based upon the State's failure to comply with N.C.G.S. § 105-241.1, which requires the State to give notice of assessment of taxes. This statute addresses only the civil assessment of taxes and is fully independent of the criminal offenses with which defendant was charged.

**Am Jur 2d, State and Local Taxation § 7.**

5. **Criminal Law § 50 (NCI3d)— tax evasion—refusal to recognize witness as expert—no abuse of discretion**

The trial court did not abuse its discretion in a prosecution for tax related charges by failing to recognize a witness as an expert and in failing to allow him to testify as a layman concerning certain matters.

**Am Jur 2d, State and Local Taxation § 7.**

6. **Taxation § 28 (NCI3d)— tax evasion—proof required—subject to being taxed and willful evasion**

The trial court did not err by failing to dismiss charges of tax evasion on the ground that the State did not prove that defendant owed taxes for the years in question, or by failing to instruct the jury that the State must show that a tax is due. Where a defendant is charged with attempting to evade or defeat the ascertainment of a tax, and that person fails to file a return, the State must only show that defendant was subject to being taxed under the law and

that he willfully attempted to evade or defeat the imposition of the tax.

**Am Jur 2d, State and Local Taxation § 7.**

7. **Taxation § 28 (NCI3d) — tax evasion — good faith belief that tax is not owed — no defense**

The trial court did not err in the prosecution of a tax protestor by not instructing the jury that defendant's subjective good faith belief that he did not owe the taxes was a defense. The trial court conveyed the required instruction that, while a good faith misunderstanding of the law may negate willfulness, a good faith disagreement with the law does not.

**Am Jur 2d, State and Local Taxation § 7.**

APPEAL by defendant from judgments entered 17 November 1988 by *Judge W. Terry Sherrill* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 11 October 1989.

This is a criminal action, heard de novo in the Superior Court of Buncombe County on appeal from convictions of several tax-related misdemeanors in district court. Appellant was arrested on nine warrants, six that charged him with Wilful Failure to File a North Carolina Tax Return in violation of N.C.G.S. § 105-236(9), and three warrants that charged him with Attempting to Evade or Defeat a Tax in violation of N.C.G.S. § 105-236(7). At the close of the State's case in Superior Court, the counts charging willful failure to file a return for 1981 and 1982 were dropped. A jury found appellant guilty on all other counts, and he was sentenced to a total of seven months. Appellant, Mr. James Davis, received a consolidated term of six months on the three counts of attempting to evade or defeat a tax, followed by a consolidated thirty-day sentence for the four counts of failing to file. Mr. Davis appealed to this Court. We affirm.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for the State.*

*Assistant Public Defender William D. Auman for defendant appellant.*

ARNOLD, Judge.

The facts important to this case will be examined as we discuss the issues involved.

1. Selective Prosecution

[1] The first three assignments of error involve the Superior Court judge's denial of appellant's motion to dismiss the case based upon the theory of selective prosecution. Appellant argues the court should not have required him to show as an element of selective prosecution that the State perpetrated "invidious discrimination" against him. As a result of his failure to produce evidence of this element, the court denied appellant's motion to dismiss.

The Superior Court was correct in demanding a showing of invidious discrimination. The two-part test for discriminatory selective prosecution is:

> (1) the defendant must make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not; and (2) upon satisfying (1) above, he must demonstrate that the discriminatory selection for prosecution was invidious and done in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*State v. Howard*, 78 N.C. App. 262, 266-67, 337 S.E.2d 598, 601-602 (1985), *cert. denied*, 316 N.C. 198, 341 S.E.2d 581 (1986).

Mr. Davis argues that he was singled out for prosecution because of his affiliation with the Patriot Network, an organization opposed to personal income tax laws. He points out that in 1988 five of eight charges for tax-related offenses initiated by the N.C. Department of Revenue's Special Investigations Unit were against persons affiliated with the Patriot Network. Mr. Davis states that by contrast in 1988, 600,000 out of 3.2 million North Carolinians did not file a tax return and could have been prosecuted by the Department of Revenue. Appellant contends this five-person class was singled out for selective prosecution by the State in violation of their guarantees of equal protection under the Federal and State Constitutions. Mr. Davis argues that when a claim of selective prosecution involves violations of equal protection rights a defendant is not required to show discriminatory intent if the claim is based

STATE v. DAVIS

[96 N.C. App. 545 (1989)]

on an "overtly discriminatory classification." *Wayte v. U.S.*, 470 U.S. 598, 84 L.Ed. 2d 547 (1985).

*Wayte*, however, is not applicable here. Appellant has failed under the first prong of the *Howard* test to show his prosecution was based on his affiliation with a recognizable, distinct class that suffered discrimination while others similarly situated were ignored. Appellant's statistical evidence for supporting his claim of selective prosecution is too tenuous, and he is incorrect in comparing the rate of prosecutions against the Patriot Network tax protestors with the number of prosecutions against people who fail to file but are not tax protestors.

Appellant's statistical evidence ignores the fact that preceding 1988 the Special Investigations Unit of the Department of Revenue initiated charges against numerous non-Patriot Network members. Mr. Davis fails to include in his "statistical survey" the number of prosecutions initiated by the Department outside the Special Investigations Unit or the number of prosecutions that occurred under other statutes. Appellant makes no showing that the State purposefully ignored other individuals known to be routinely filing false exemption forms or not filing tax returns in the manner of Mr. Davis. Finally, Special Investigator Richard Holt of the Department of Revenue testified that when he began his investigation he was not aware of Mr. Davis' affiliation with the Patriot Network.

More importantly, appellant's method of comparing prosecutorial rates is flawed. He is incorrect in comparing the prosecutorial treatment he received against the treatment received by the 600,000 other North Carolinians who failed to pay their personal income taxes in 1988. These two groups are not "similarly situated." Unlike Mr. Davis, most people who failed to file an income tax return that year did so out of neglect. Tax protestors such as Mr. Davis, openly advocating noncompliance with tax laws, are not similarly situated with neglectful taxpayers, and it is erroneous to compare prosecution rates between these two groups.

[2] Mr. Davis makes a feckless argument that the statutes he was charged under are unconstitutional as applied to him because selection for his prosecution was impermissibly based on an attempt to suppress his first amendment right of free speech. He seeks a dismissal under N.C.G.S. § 15A-954(a)(1).

The evidence shows that appellant is an outspoken critic of the North Carolina personal income tax system. He has written and spoken often in support of his theory that the taxing of personal income is unconstitutional. Nevertheless, even assuming for a moment that the State in fact singled out Mr. Davis for prosecution because of his vocal stand against paying income taxes, no constitutional violation occurred in the application of these tax enforcement statutes. Federal courts, which have ruled on this issue as it has arisen under parallel federal statutes, have held that the prosecution of individuals who publicly assert privileges not to pay taxes does not necessarily constitute selection upon an impermissible basis. This is because such prosecutions, predicated in part upon a potential deterrent effect, serve a legitimate interest in promoting more general tax compliance. *U.S. v. Rice*, 659 F.2d 524 (5th Cir. 1981); *U.S. v. Catlett*, 584 F.2d 864 (8th Cir. 1978); *U.S. v. Ojala*, 544 F.2d 940 (8th Cir. 1976); *U.S. v. Scott*, 521 F.2d 1188 (9th Cir. 1975), *cert. denied*, 424 U.S. 955, 47 L.Ed. 2d 361 (1976); *U.S. v. Peskin*, 527 F.2d 71 (7th Cir. 1975), *cert. denied*, 429 U.S. 818, 50 L.Ed. 2d 79 (1976).

The federal cases have consistently rejected this claim by tax protestors, holding that selective enforcement of a law is not itself a constitutional violation in the absence of an invidious purpose. *Rice*, 659 F.2d at 526-27. In *Catlett*, a case similar to one before us now, the Court of Appeals for the Eighth Circuit noted that while the decision to prosecute an individual cannot be made in retaliation for the exercise of first amendment rights, the prosecution of an outspoken tax protestor is not a selection on an impermissible basis. *Catlett*, 584 F.2d at 867. A decision to prosecute is fine, even if the decision rests upon the amount of publicity one's protest receives. "[S]election for prosecution based in part upon the potential deterrent effect on others serves a legitimate interest in promoting more general compliance with the tax laws." *Id.* at 868. The court noted that the government lacks the means to prosecute everyone suspected of violating a tax law, so it made sense to prosecute those likely to receive the most exposure. *Id.*

2. Administrative Summons

[3] Mr. Davis contends that N.C.G.S. § 105-258, an administrative summons statute, used by a Department of Revenue investigator to obtain information from the appellant's employee file, is unconstitutional under the fourth amendment to the U.S. Constitu-

tion and under Article I, §§ 19 and 20 of the N.C. Constitution. Appellant argues the trial court erred in denying his motion to suppress the evidence obtained in this alleged illegal search.

As part of his investigation of Mr. Davis, Special Investigator Holt sought wage and exemption information from appellant's former employer. To gain access to Mr. Davis' employee file, Agent Holt showed the employment records custodian an Order issued by the Department of Revenue to make the records available. The custodian complied, and Agent Holt received Employee Withholding Exemption Certificates, NC-4s; Employee's Statement of No Income Tax Liability; and W-2s concerning appellant's wages and compensation for the years 1983 through 1986.

We uphold N.C.G.S. § 105-258 against Mr. Davis' constitutional attack and affirm the trial court's denial of appellant's motion to suppress the evidence obtained in that search. N.C.G.S. § 105-258 is modeled after 26 U.S.C. 7602, which enables the Internal Revenue Service to issue an administrative summons in aid of either civil or criminal tax investigations. This federal statute has been upheld as constitutional by the U.S. Supreme Court. *Couch v. U.S.*, 409 U.S. 322, 326, 34 L.Ed. 2d 548, 552-53 (1973).

Furthermore, N.C.G.S. § 105-258 does not violate constitutional search and seizure provisions because the statute is *not* self-enforcing. The Secretary of Revenue does not have the authority to compel compliance with a summons. As is explained in the statute:

> [i]f any person so summoned refuses to obey such summons or to give testimony when summoned, the Secretary may apply to the Superior Court of Wake County for an order requiring such person to comply with the summons of the Secretary, and failure to comply with such court order shall be punished as for contempt.

N.C.G.S. § 105-258. At the time Investigator Holt requested the employee records, Mr. Davis' former employer did not have to comply with the Department of Revenue Order. If a revenue agent is forced to go to superior court to enforce compliance with an order, the court's scrutiny of the order will ensure that no abuse of process occurs.

Like its federal counterpart, N.C.G.S. § 105-258 does not require that a tax investigator have probable cause before examining a taxpayer's records. *See Ryan v. U.S.*, 379 U.S. 61, 13 L.Ed. 2d

122 (1964). This administrative summons power is more analogous to that held by a grand jury than to the search and seizure power of a police officer. It grants inquisitional powers, allowing investigations on the suspicions that a law is being violated or even because the Department wants assurances that it is not.

A summons under N.C.G.S. § 105-258, however, would violate constitutional protections if it was overly broad, not issued in good faith for a legitimate purpose, or not relevant to that purpose. The information sought must not be in the possession of the Department at the time the summons is issued, and · the proper administrative steps must be followed in issuing the summons. In the case before us, Investigator Holt complied with these requirements, rendering appellant's assignments of error concerning this statute to be without merit.

### 3. Notice of Tax Assessment

[4] Appellant next assigns error to the trial court's denial of his motion to dismiss based upon the State's failure to comply with N.C.G.S. § 105-241.1. The statute in question states in pertinent part: "[i]f the Secretary of Revenue discovers . . . that any tax or additional taxes are due from any taxpayer, he shall give notice to the taxpayer in writing of the kind and amount of tax which is due and of his intent to assess the same. . . ." N.C.G.S. § 105-241.1. Appellant contends the State failed to give the required notice, violating his right to procedural due process.

Appellant's position on this issue is not well taken. Our state tax laws, like the federal tax statutes, impose both civil and criminal sanctions. N.C.G.S. § 105-241.1 addresses only the civil assessment of taxes and is fully independent of the criminal offenses set forth in N.C.G.S. § 105-236(7) and (9), under which Mr. Davis was charged. Appellant was entitled to and received all the due process protections of a person charged under a criminal statute. He was not entitled to any procedural protections offered under the civil assessment statute.

### 4. Expert and Opinion Testimony

[5] Appellant contends that the trial court erred in failing to recognize Mr. Robert Clarkson as an expert witness in the field of income tax law and in failing to allow Mr. Clarkson to testify as a layman concerning a "primary meeting" and the requirements to file a state personal income tax return.

STATE v. DAVIS

[96 N.C. App. 545 (1989)]

It is a question of fact whether or not a witness is qualified as an expert. A trial judge's decision on this question is only reversed if his ruling is based on an abuse of discretion or an erroneous view of the law. *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984). Appellant has failed to manifest any abuse of discretion by the trial judge in his rulings concerning the expertise of Mr. Clarkson.

5. Proof of Tax Liability

**[6]** Appellant argues that the trial court erroneously failed to dismiss the charges of attempting to evade and defeat a tax under N.C.G.S. § 105-236(7) because the State did not prove one element of that crime: that Mr. Davis owed taxes for the years in question. Similarly, appellant contends the trial court committed prejudicial error in failing to instruct the jury that as part of its charge the State must show a tax was in fact due.

The evidence is clear that the State did not prove Mr. Davis owed a tax for the three years he is accused of violating N.C.G.S. § 105-236(7). Investigator Holt testified he did not know the amount of Mr. Davis' tax liability for those years. Of course, the reason the State could not prove whether Mr. Davis owed taxes was because the appellant refused to file a state tax return for those years. Appellant's position on this issue places an almost impossible burden on the State—one which we will not endorse. We hold that where a defendant is charged with attempting to evade or defeat the *ascertainment* of a tax, and that person also fails to file a return, the State must only show defendant was subject to being taxed under the law, and that he willfully attempted to evade or defeat imposition of the tax.

Our holding on this point is buttressed by federal interpretation of a parallel section of the Internal Revenue Code, 26 U.S.C. § 7201. Section 7201 penalizes "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or payment thereof." 26 U.S.C. § 7201. *U.S. v. Dack*, 747 F.2d 1172 (7th Cir. 1984), interpreted § 7201 and is helpful to understanding N.C.G.S. § 105-236(7). In *Dack*, the court recognized that § 7201 defines two distinct crimes: (1) the willful attempt "to evade or defeat any tax" and (2) the willful attempt to evade or defeat the "payment" of any tax. *Dack*, at 1174. N.C.G.S. § 105-236(7) also recognizes two crimes. It penalizes (1) "[a]ny person who willfully attempts . . . to evade or defeat any tax imposed by this

Subchapter," . . . (2) "*or* the payment thereof." (Emphasis added.) N.C.G.S. § 105-236(7).

While it is true that the existence of a tax deficiency is an element of both crimes defined in these statutes, *Dack* recognized that in certain situations the element of a tax deficiency can be satisfied without a formal tax assessment. *Dack*, at 1174. "When, as here, the taxpayer fails to file a return, and the Government can show a tax liability pursuant to the provisions of the tax code, then a tax deficiency within the meaning of Section 7201 is deemed to arise by operation of law on the date the return is due." *Id.* In the case at bar, as in *Dack*, the tax liability arose by operation of the law when the appellant failed to file a timely return.

The State offered evidence beyond a reasonable doubt that Mr. Davis willfully attempted to defeat the ascertainment of his taxes in 1984, 1985, and 1986. Appellant admitted that he considered it unconstitutional to pay taxes. Most notably, on at least four occasions during this period, Mr. Davis claimed on his employee withholding exemption certificates personal and dependent exemptions totaling at least $16,800 to which he was not entitled. Also, Mr. Davis did not file a state personal income tax return between 1980 and 1986. Taken together, this evidence is adequate to show a willful attempt to evade a tax.

6. Willfulness and a Subjective Belief

[7] Finally, appellant argues that the trial judge erroneously instructed the jury concerning the element of willfulness in both charges against him. Mr. Davis believes he is not liable to pay state income taxes on his wages because wages are not "income," but rather are compensation for services rendered. He argues his subjective, good faith belief that he did not owe these taxes is a defense to willfulness, and the trial judge erred in failing to instruct the jury of this matter.

Again, while this is a new issue for our Court, federal courts have addressed this question as it has arisen in the context of parallel federal tax statutes. *See U.S. v. Aitken*, 755 F.2d 188 (1985); *U.S. v. Kraeger*, 711 F.2d 6 (1983). Essentially, the trial court is required to inform the jury that while a good-faith misunderstanding of the law may negate willfulness, a good-faith disagreement with the law does not. *Kraeger*, 711 F.2d at 7. The trial

judge conveyed this instruction; therefore, appellant's request for a reversal on this issue is denied.

For the foregoing reasons, the order of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.