STATE OF NORTH CAROLINA v. KENNETH HOUSTON

No. COA95-1012

(Filed 4 June 1996)

**1. Appeal and Error § 150 (NCI4th)— constitutional issue not raised in trial court—no consideration on appeal**

Where defendant, who was charged with willful failure to file North Carolina income tax returns, never raised the unconstitutionality of the income tax statute as a defense to the charges against him, the constitutional question was not properly presented to the appellate court.

**Am Jur 2d, Appellate Review §§ 690 et seq.**

**2. Taxation § 234 (NCI4th)— willful failure to file income tax returns—conflicting evidence of willfulness—jury question**

Where the evidence in a prosecution for willful failure to file state income tax returns was conflicting as to whether defendant's failure to file his returns was the result of a misunderstanding of the law, which might negate willfulness, or a disagreement with the law, which would not, the trial court properly submitted the charges to the jury.

**Am Jur 2d, State and Local Taxation § 881.**

**Retailer's or buyer's defenses against exaction of penalties for failure to file, or deficiency in, state or local sales-tax return. 20 ALR4th 952.**

Appeal by defendant from judgment entered 13 January 1995 by Judge Ronald Stephens in Wake County Superior Court. Heard in the Court of Appeals 22 April 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General George W. Boylan, for the State.*

*Kenneth Houston, defendant-appellant, pro se.*

PER CURIAM.

Defendant was charged with two counts of willful failure to file North Carolina income tax returns for tax years 1991 and 1992 in violation of N.C. Gen. Stat. § 105-236(9). Following jury verdicts of guilty on both counts, defendant was sentenced to two two-year prison terms which were suspended on conditions of probation.

[1] On appeal, defendant presents the following question for review: "Was defendant/appellant prosecuted for . . . conduct which is protected by the Constitution of North Carolina (Art. I Sec. 1 clause 'the enjoyment of the fruits of their on [sic] labor')?" Defendant is apparently asking this Court to declare that the State income tax, as applied to him, violates Article I, Section 1 of the North Carolina Constitution. However, it is well-settled that an appellate court may not consider constitutional questions that were neither raised nor decided below. *State v. Crews*, 286 N.C. 41, 47-48, 209 S.E.2d 462, 466 (1974), *cert. denied*, 421 U.S. 987, 44 L. Ed. 2d 477 (1975); *State v. Greene*, 33 N.C. App. 228, 229, 234 S.E.2d 428, 429-30 (1977). A careful review of the record and transcript reveals that defendant never raised the unconstitutionality of the income tax statute as a defense to the charges against him. Rather, his sole defense was that his failure to file his income taxes was not willful. As the constitutional question presented by defendant on appeal was neither raised nor decided below, we decline to address it.

However, rather than dismissing defendant's appeal, we exercise our authority under N.C.R. App. P. 2 to review the sufficiency of the evidence to warrant submission of the charges to the jury and entry of judgment in accordance with the verdicts.

[2] To withstand defendant's motion to dismiss, the State had to present substantial evidence that (1) defendant was required by law to file tax returns for the tax years 1991 and 1992; (2) defendant failed to file such returns; and (3) defendant's failure to file such returns was willful. *See* N.C. Gen. Stat. § 105-236(9) (1995). Defendant does not contend that the State failed to meet its burden as to the first two elements, but only that the State did not show that his failure to file State tax returns for 1991 and 1992 was willful. He argues that the element of willfulness was negated by his sincere belief that the State was powerless to impose upon him an income tax which would deprive him of the right, conferred by Article I, Section 1 of the North Carolina Constitution, to enjoy the fruits of his own labor.

In *State v. Davis*, 96 N.C. App. 545, 386 S.E.2d 743 (1989), the defendant was charged with various tax-related misdemeanors, including willful failure to file State income taxes. *Id.* at 547, 386 S.E.2d at 744. Defendant argued that his "subjective, good faith belief" that he was not liable to pay state income taxes was a defense to willfulness and that the trial court erred in failing to so instruct the jury. *Id.* at 554, 386 S.E.2d at 748. This Court upheld the substance of the

trial court's instructions as in keeping with federal precedent, stating that "while a good-faith *misunderstanding* of the law may negate willfulness, a good-faith *disagreement* with the law does not." *Id.* (emphasis added) (*citing United States v. Kraeger*, 711 F.2d 6, 7 (2d Cir. 1983)).

The evidence at the trial of the instant case was conflicting as to whether defendant's failure to file his returns was the result of a misunderstanding of the law or a disagreement with it. The trial court correctly determined that, given this conflicting evidence, the issue of willfulness was for the jury to resolve. We hold there was ample evidence from which a jury could have concluded that defendant's failure to file his returns was willful. Thus, the court did not err in submitting the charges to the jury or in entering judgment in accordance with the verdicts.

In the trial below, we find

No error.

Panel consisting of:
Johnson, Wynn, Walker