IN THE MATTER OF THE SUMMONS ISSUED TO ERNST & YOUNG, LLP AND ALL
SUBSIDIARIES, AFFILIATED AND ASSOCIATED ENTITIES

No. COA07-1219

(Filed 5 August 2008)

**1. Appeal and Error— appealability—final judgment—substantial right**

The trial court did not err by concluding an order to comply and order denying intervenor's motion to dismiss petitioner Secretary of Revenue's motion to compel E&Y to produce documents E&Y withheld as privileged were not appeals from interlocutory orders, because: (1) the order granting petitioner's application was a final judgment; and (2) even if it was not a final judgment, the denial of discovery orders asserting a statutory or common law privilege affects a substantial right.

IN RE ERNST & YOUNG, LLP

[191 N.C. App. 668 (2008)]

**2. Taxation— failure to issue civil summons, file complaint or serve process—jurisdiction—N.C.G.S. § 105-258**

The trial court did not err in a tax audit case arising from the creation of tax shelters designed to reduce intervenor's state corporate income tax by denying intervenor's motion to dismiss petitioner Secretary of Revenue's application to compel E&Y to produce documents pursuant to an administrative summons that E&Y withheld as privileged, even though intervenor contends petitioner violated the North Carolina Rules of Civil Procedure by failing to issue a civil summons, file a complaint, or serve process on either E&Y or intervenor, because: (1) petitioner's failure to issue a summons and file a complaint did not void subject matter jurisdiction and warrant dismissal of petitioner's application; (2) any failure to file and serve a complaint by civil process as prescribed by the North Carolina Rules of Civil Procedure is not a jurisdictional defect since N.C.G.S. § 105-258 provides jurisdiction to the Wake County Superior Court upon application by the Secretary of Revenue; and (3) N.C.G.S. § 105-258(c) provides the procedure for service of any civil papers by the employees of the Department of Revenue; (4) intervenor did not contend that petitioner failed to follow the procedure prescribed in N.C.G.S. § 105-258.

**3. Discovery— motion to compel documents withheld as privileged—motion to dismiss—sufficiency of evidence**

The trial court did not err in a tax audit case arising from the creation of tax shelters designed to reduce intervenor's state corporate income tax by denying intervenor's motion to dismiss, based on a failure to state a claim, petitioner Secretary of Revenue's application to compel E&Y to produce documents pursuant to an administrative summons that E&Y withheld as privileged even though intervenor contends the pertinent application did not identify any return whose correctness petitioner was determining, any return he was constructing, any tax liability for any year he was determining or any tax he was trying to collect, because: (1) the summons and request for production referenced in the application specified the time period for which petitioner was seeking discovery and were attached to the application; and (2) the application contained specific facts sufficient to provide notice to E&Y of the nature of the claim.

### 4. Discovery— withheld documents—anticipation of litigation—work product privilege

It was unclear whether the trial court abused its discretion by granting petitioner Secretary of Revenue's application and issuing an order to comply with an administrative summons, and the case is remanded for an in camera review of the pertinent withheld documents to determine whether some of them are in fact privileged, because: (1) from the record on appeal, the Court of Appeals was unable to determine whether the withheld materials were created in anticipation of litigation; and (2) it was not clear whether the documents were subject to the work product privilege.

Appeal by intervenor from orders entered 15 June 2007 and 21 June 2007 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 17 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for the Secretary of the North Carolina Department of Revenue-appellee.*

*Alston & Bird LLP, by Jasper L. Cummings, Jr. and Robin L. Greenhouse, for intervenor-appellant.*

CALABRIA, Judge.

Wal-Mart Stores, Inc. ("intervenor") appeals an order denying intervenor's motion to dismiss and an order compelling Ernst & Young, LLP ("E&Y") to comply with a North Carolina Department of Revenue Administrative summons. We affirm the order denying the motion to dismiss and remand for an *in camera* review to determine whether E&Y's documents are privileged.

In 1995, E&Y provided consulting services to intervenor to implement tax shelters designed to reduce state corporate income taxes. In 1996, E&Y also provided consulting services to establish real estate investment trusts ("REITs") to reduce intervenor's state corporate income tax liability. Intervenor restructured its operations and requested that E&Y analyze intervenor's litigation risks.

On 6 February 2007, the Secretary of Revenue ("petitioner") issued a summons to E&Y, pursuant to N.C. Gen. Stat. § 105-258, directing E&Y to appear, give testimony and produce books, papers, records or other data, relevant or material to the petitioner's inquiry

**IN RE ERNST & YOUNG, LLP**

[191 N.C. App. 668 (2008)]

regarding Wal-Mart Stores, Inc. and subsidiaries, including all limited liability companies, trusts, regulated investment companies, and any other affiliated entities. The summons also requested production of all documents "created at any time regarding the creation or existence of the New Entities. . . ." Petitioner defined the "New Entities" as Wal-Mart Stores East, Inc., Wal-Mart Property Co., Wal-Mart Real Estate Business Trust, Sam's West, Inc., Sam's East, Inc., Sam's Property Co., and Sam's Real Estate Business Trust. Petitioner requested production of all documents created between January 1, 1990 and December 31, 2000 which are either not directed to a specific client or involve Wal-Mart "discussing the marketing of, sale of, risks of, implementation of, use of, benefits of, and/or tax savings of real estate investment trusts, regulated investment companies, trusts, and/or holding companies owning trusts" as well as all documents created between January 1, 1990 and January 31, 2005 "proposing or analyzing transactions that require the creation, elimination, and/or restructuring of entities within the Wal Mart corporate structure and that would produce federal and/or state tax savings."

On 11 April 2007, petitioner filed a verified "Application for an Order for the Production of Certain Books, Papers, Records, and other Data" ("the application"). Petitioner alleges it granted E&Y multiple extensions of time to produce the responses to the summons. E&Y produced tens of thousands of pages of documents. However, thousands of pages of documents were withheld on the basis of privilege. E&Y produced a privilege log for 760 of those withheld documents. Petitioner alleged that E&Y and intervenor had failed to show the withheld documents were subject to the work product privilege.

On 4 May 2007, intervenor moved to intervene and to dismiss petitioner's application for failure to comply with the Rules of Civil Procedure.[1]

On 23 May 2007, intervenor filed a Preliminary Statement asserting that the documents withheld are protected by the work-product privilege. Intervenor also submitted an Affidavit by David Bullington, Vice President of Taxes for Intervenor during the years at issue ("Bullington Affidavit") and a privilege log describing the

---

1. Although the motion to dismiss referenced only Rule 12(b)(6) as grounds for dismissal, the factual allegations in the motion related to grounds under Rule 12 subsection (b)(1-6), and intervenor filed a "Clarification of Motion to Dismiss" to specify that intervenor intended to rely on North Carolina Rules of Civil Procedure, 12(b)(1-6) in its motion to dismiss on 5 June 2007.

date, author, recipient and summary of each contested document ("privilege log").

Judge Donald W. Stephens ("Judge Stephens") granted intervenor's motion to intervene and denied intervenor's motion to dismiss ("order denying motion to dismiss"). On 15 June 2007, Judge Stephens rejected intervenor's claim of work product privilege and ordered E&Y to comply fully with petitioner's summons within thirty days of the order ("Order to Comply"). Judge Stephens stayed execution of the Order to Comply on the condition that E&Y deposit the contested documents under seal. E&Y deposited the contested documents under seal on 16 July 2007. Intervenor appeals the Order to Comply and the order denying the motion to dismiss.

## I. Interlocutory Appeal

[1] Petitioner argues the Order to Comply and order denying intervenor's motion to dismiss are interlocutory and not immediately appealable. We disagree.

"An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879 (1998). Interlocutory orders are generally not subject to immediate appeal. N.C. Gen. Stat. § 7A-27(b) (2007); N.C. Gen. Stat. § 1A-1, Rule 54(b); *Veazy v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). One exception is where the denial of an immediate appeal affects a substantial right. N.C. Gen. Stat. § 7A-27(d)(1) (2007); N.C. Gen. Stat. § 1-277(a) (2007).

Intervenor argues the order granting petitioner's application was a final judgment and even if not a final judgment, the denial of an appeal would affect a substantial right. We agree.

The only matter before the trial court was whether to grant petitioner's application to order E&Y to comply with the petitioner's summons. This controversy was resolved upon entry of the Order to Comply with petitioner's summons. Therefore, intervenor's appeal is from a final judgment.

The order denying the motion to dismiss is immediately appealable because "[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." N.C. Gen. Stat. § 1-278 (2007). The order denying intervenor's motion to dismiss was an intermediate order that involved the merits and affected the final judgment because if it

had been granted, the trial court would not have issued the Order to Comply.

In addition, we note that even if the appeal was not from a final judgment, appeals of discovery orders asserting a statutory or a common-law privilege affect a substantial right. *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 541 S.E.2d 782 (2001) (holding the common law privilege of attorney-client is equivalent to a statutory privilege and affects a substantial right) (citing *Sharpe v. Worland*, 351 N.C. 159, 522 S.E.2d 577 (1999)); *Isom v. Bank of Am., N.A.*, 177 N.C. App. 406, 628 S.E.2d 458 (2006) (discovery order that required bank to disclose documents concerning bank's dispute with check vendor despite bank's assertion that documents were protected by attorney-client privilege or work-product doctrine was immediately appealable because it affected a substantial right).

## II. Motion to Dismiss

[2] Intervenor contends the trial court erred in denying the motion to dismiss because petitioner violated the North Carolina Rules of Civil Procedure by failing to issue a civil summons, file a complaint, or serve process on either E&Y or intervenor. We disagree.

### A. Jurisdiction and Service of Process

Intervenor argues proceedings pursuant to N.C. Gen. Stat. § 105-258 should be treated as either a civil action or a special proceeding subject to the Rules of Civil Procedure.

Petitioner argues N.C. Gen. Stat. § 105-258 confers subject matter jurisdiction on the trial court to enforce the administrative summons. Petitioner contends the North Carolina Rules of Civil Procedure do not apply because the procedure for summons enforcement is a "differing procedure" governed by N.C. Gen. Stat. § 105-258 and § 5A-23(a).

A civil action is "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." N.C. Gen. Stat. § 1-2 (2007); *see also Gillikin v. Gillikin*, 248 N.C. 710, 712, 104 S.E.2d 861, 863 (1958). "Every other remedy is a special proceeding." N.C. Gen. Stat. § 1-3 (2007).

We agree that the North Carolina Rules of Civil Procedure apply to actions brought under N.C. Gen. Stat. § 105-258. N.C. Gen. Stat.

§ 105-258(a) allows the Secretary of Revenue to examine data and summon persons to appear, produce documents, and testify under oath "for the purpose of ascertaining the correctness of any [tax] return, making a [tax] return where none has been made, or determining the liability of any person for a tax or collecting any such tax." N.C. Gen. Stat. § 105-258(a) (2007).

> If any person so summoned refuses to obey such summons or to give testimony when summoned, the Secretary may apply to the Superior Court of Wake County for an order requiring such person or persons to comply with the summons of the Secretary, and the failure to comply with such court order shall be punished as for contempt.

*Id.* N.C. Gen. Stat. § 105-258 (b-c) authorizes the department employees of the Secretary of Revenue to sign, verify and serve process for any civil papers in which the Secretary of Revenue is a party.

N.C. Gen. Stat. § 105-246, under the same subchapter and article as N.C. Gen. Stat. § 105-258, provides that: "All actions or processes brought in any of the superior courts of this State, under provisions of this Subchapter, shall have precedence over any other civil causes pending in such courts, and the courts shall always be deemed open for trial of any such action or proceeding brought therein." N.C. Gen. Stat. § 105-258 is a process brought under this Subchapter, and therefore is a civil action. *See also Charns v. Brown,* 129 N.C. App. 635, 502 S.E.2d 7 (1998) (concluding statute referring to "actions" to compel disclosure of public documents under N.C. Gen. Stat. § 132-9 are civil actions). We also note that our courts have applied the rules of civil procedure to statutes authorizing court orders to compel disclosure of certain documents. *See Carswell v. Hendersonville Country Club, Inc.,* 169 N.C. App. 227, 609 S.E.2d 460 (2005) (applying rules of civil procedure to N.C. Gen. Stat. § 55-16-04); *Charns, supra.*

Since we conclude N.C. Gen. Stat. § 105-258 is a civil action, the statute is subject to the rules of civil procedure, except to the extent the statute prescribes a different procedure. N.C. Gen. Stat. § 1A-1, Rule 1 (2007); N.C. Gen. Stat. § 1-393 (2007); *see Home Builders Ass'n of Fayetteville N.C., Inc. v. City of Fayetteville,* 170 N.C. App. 625, 630, 613 S.E.2d 521, 525 (2005) (declining to apply Rule 24(a) where conflicts with specific procedures set forth in N.C. Gen. Stat. § 160A-50); *Va. Electric and Power Co. v. Tillett,* 316 N.C. 73, 340 S.E.2d 62 (1986) (holding that private condemnation proceedings are special proceedings subject to the rules of civil procedure, to the

**IN RE ERNST & YOUNG, LLP**

[191 N.C. App. 668 (2008)]

extent the rules do not conflict with specified procedures in the statute); *Charns*, 129 N.C. App. at 638, 502 S.E.2d at 9 ("[U]nless a statute states that a summons is not required or sets out a different procedure for serving a summons, Rule 4 applies.").

Our conclusion that N.C. Gen. Stat. § 105-258 is subject to the rules of civil procedure is supported by analogy to federal law. In *State v. Davis*, 96 N.C. App. 545, 386 S.E.2d 743 (1989), this Court noted that N.C. Gen. Stat. § 105-258 is "modeled after 26 U.S.C. 7602,[2] which enables the Internal Revenue Service to issue an administrative summons in aid of either civil or criminal tax investigations." *Id.*, 96 N.C. App. at 551, 386 S.E.2d at 746 (footnote added). Federal statute 26 U.S.C. § 7604 governs enforcement of a summons issued under 26 U.S.C. § 7602.[3] In *United States v. Powell*, 379 U.S. 48,

---

2. 26 U.S.C. 7602 reads in pertinent part:

(a) Authority to summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

3. 26 U.S.C. § 7604 reads in pertinent part:

Enforcement of summons

(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such per-

**IN RE ERNST & YOUNG, LLP**

[191 N.C. App. 668 (2008)]

58, n. 18 (1964), the United States Supreme Court noted that because 26 U.S.C. § 7604(a) "contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply." Federal courts rely on the *Powell* test to apply the Federal Rules of Civil Procedure to the issuance of a summons under 26 U.S.C. 7602 and enforcement under 26 U.S.C. 7604, but where the statute sets forth a specific procedure, the Federal Rules of Civil Procedure do not apply. *See United States v. Salter*, 432 F.2d 697 (1st Cir. 1970) (applying the Federal Rules of Civil Procedure to attorney's request for discovery order filed in response to enforcement proceeding against the attorney); *see also United States v. Dick*, 694 F.2d 1117 (8th Cir. 1982) (concluding that although the Federal Rules of Civil Procedure require filing a complaint in order to invoke jurisdiction, because federal statute authorizes federal courts to enforce a summons, any process defect is not jurisdictional).

We agree with the reasoning of *Powell* and its application by the circuit courts. Petitioner's failure to issue a summons and file a complaint did not void subject matter jurisdiction and warrant dismissal of petitioner's application. We hold that any failure to file and serve a complaint by civil process as prescribed by the North Carolina Rules of Civil Procedure is not a jurisdictional defect because the statute provides jurisdiction to the Wake County Superior Court upon application by the Secretary of Revenue. *Dick, supra;* N.C. Gen. Stat. § 105-258(a); see also *Charns, supra; Va. Electric, supra; Home Builders, supra.* Furthermore, subsection (c) of N.C. Gen. Stat. § 105-258 provides the procedure for service of any civil papers by the employees of the Department of Revenue. Since intervenor does not contend that petitioner failed to follow the procedure prescribed in N.C. Gen. Stat. § 105-258, we conclude the trial court did not err in denying intervenor's motion to dismiss on the grounds of lack of jurisdiction or failure to serve process.

### B. Failure to State a Claim

[3] Intervenor argues the application did not identify "any return whose correctness the Petitioner was determining, any return he was constructing, any tax liability for any year he was determining or

---

son, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

any tax he was trying to collect," and therefore failed to state a claim. We disagree.

· Whether the trial court erred in denying the motion to dismiss is reviewed *de novo.* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2007); *Holloman v. Harrelson,* 149 N.C. App. 861, 864, 561 S.E.2d 351, 353 (2002); *Little v. Atkinson,* 136 N.C. App. 430, 431, 524 S.E.2d 378, 379 (2000).

Intervenor argues the application does not identify any tax return or tax liability for any year, therefore the application fails to state a claim. Intervenor requests that this Court take judicial notice of an "Application For an Order for the Production of Certain Books, Papers, Records, and Other Data," pursuant to a summons served by the Secretary of Revenue on Dillard's, Inc. The summons in the Dillard's case specified the tax years which were the focus of the Secretary of Revenue's investigation. Intervenor argues the absence of "any such specifications" in the application renders it impossible for this or any court to determine whether E&Y had "knowledge in the premises." N.C. Gen. Stat. § 105-258(a). We disagree.

The "claim" at issue is the Secretary's request to the Wake County Superior Court to compel E&Y to produce documents E&Y withheld as privileged. Petitioner's application alleges the summons directed E&Y to appear, give testimony, and produce certain books, papers, records and other data relating to the tax liability of Wal-Mart Stores, Inc. Petitioner alleges E&Y withheld documents on the basis of privilege and produced a privilege log for only 760 of the withheld documents. The summons and request for production referenced in the application specify the time period for which petitioner was seeking discovery and are attached to the application. We conclude the application contains specific facts sufficient to provide notice to E&Y of the nature of the claim. *See Newberne v. Department of Crime Control & Pub. Safety,* 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (dismissal is proper when face of complaint reveals no law to support its claim, absence of facts to make it a sufficient claim, or discloses some fact necessary to defeat the claim). The trial court did not err in denying the motion to dismiss for failure to state a claim.

### III. Order to Comply

[4] Intervenor next argues the trial court erred in granting petitioner's application and issuing an order to comply with the summons. Since it is unclear from the record whether the trial

court abused its discretion, we remand to the trial court for an *in camera* review.

A trial court's ruling on discovery orders is reviewed under an abuse of discretion standard. *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 27, 541 S.E.2d 782, 788 (2001). A party seeking protection under the work-product doctrine is required to show: (1) the material consists of documents or tangible things; (2) which were prepared in anticipation of litigation or for trial; (3) by or for another party or its representatives. *Evans*, 142 N.C. App. at 29, 541 S.E.2d at 789.

The work-product doctrine shields from discovery all materials prepared "in anticipation of litigation or for trial by or for another party or by or for that other party's consultant, surety, indemnitor, insurer, or agent . . . ." N.C. Gen. Stat. § 1A-1, Rule 26(b)(3) (2007). This includes documents prepared after a party secures an attorney and documents prepared under circumstances in which a reasonable person might anticipate a possibility of litigation. N.C. Gen. Stat. § 1A-1, Rule 26(b)(3) (2007); *Willis v. Duke Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976). Materials prepared in the ordinary course of business are not protected by the work-product doctrine. *Willis supra*; *Diggs v. Novant Health, Inc.*, 177 N.C. App. 290, 628 S.E.2d 851 (2006). The test is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Cook v. Wake County Hospital System*, 125 N.C. App. 618, 624, 482 S.E.2d 546, 551 (1997) (quoting 8 Wright, Miller and Marcus, *Federal Practice and Procedure: Civil*, § 2024 at 343 (1994)). The burden of whether the contested materials are privileged falls on the party asserting the privilege. *Wachovia Bank v. Clean River Corp.*, 178 N.C. App. 528, 631 S.E.2d 879 (2006).

Petitioner argues that because intervenor did not provide a document by document discussion of how each document relates to the litigation, the privilege log was not sufficient to support a contention that the documents were subject to the work product doctrine. Further, petitioner contends intervenor failed to meet its burden that the documents were created because of the prospect of litigation due to an actual or potential claim after an actual event. We disagree.

The work-product privilege is a qualified immunity that is an elastic concept. *Cook*, 125 N.C. App. at 623, 482 S.E.2d at 550. In *Cook*, this Court determined an accident report prepared by a hos-

**IN RE ERNST & YOUNG, LLP**

[191 N.C. App. 668 (2008)]

pital employee in connection with a physician's fall was not prepared in anticipation of litigation because it was part of the hospital's policy to prepare such reports regardless of whether any litigation was anticipated. *Id.*, 125 N.C. App. at 625, 482 S.E.2d at 551-52.

Here, we are faced with the question of whether E&Y's documents relating to the tax restructuring reports were prepared in anticipation of litigation. At the hearing, intervenor presented the Bullington Affidavit alleging (1) the E&Y auditors prepared the non-disclosed documents pursuant to the 1996 and 2002 restructuring of intervenor and not for the purpose of assisting with tax return preparation; (2) this work was separate from E&Y's work as financial auditor; (3) separate invoices were submitted for this work; (4) Bullington anticipated the restructuring could result in litigation from various tax authorities because of past litigation and (5) the documents were not submitted in the ordinary course of business. Intervenor submitted a privilege log where a number of documents are described as containing "legal analysis" or "tax opinion."

From the record on appeal, we are unable to determine whether the withheld materials were created in anticipation of litigation. We remand for the trial court to review the documents *in camera* and determine whether some of the documents are in fact privileged. *See Diggs v. Novant Health, Inc.*, 177 N.C. App. 290, 311-12, 628 S.E.2d 851, 865 (2006) (remanding to determine if documents were created pursuant to company policy or in reasonable anticipation of litigation).

Petitioner argues that intervenor's failure to submit the documents for *in camera* review or to request review prejudiced its appeal on this issue. We disagree. In the cases cited by petitioner, it was clear from the record whether the trial court abused its discretion in either denying or granting the motion to compel disclosure. In *Fulmore v. Howell*, 189 N.C. App. 93, 657 S.E.2d 437, 443 (N.C. App. 2008), the party asserting protection failed to "explicitly state [which] documents they argue are protected" and did not offer "a specific explanation as to why the documents are protected." In *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 294 S.E.2d 386 (1982), the defendant deleted portions of the document, and withheld one document on the basis that it could not be located. In *Miller v. Forsyth Mem'l Hosp., Inc.*, 174 N.C. App. 619, 621, 625 S.E.2d 115, 116 (2005) the trial court's analysis related to whether appellant proved denial of his motion to compel prejudiced him at trial.

Here, it is not clear from the record whether the documents are subject to the work product privilege. Intervenor offered specific reasons why the documents are protected, submitted a privilege log, and submitted an affidavit supporting its reasons for asserting privilege. A number of the documents described on the privilege log appear to be correspondence and legal analysis from a large law firm, Davis Polk & Wardwell. Accordingly, a remand for an *in camera* review is proper.

## IV. Conclusion

We affirm the trial court's denial of intervenor's motion to dismiss and reverse and remand the order to compel for an *in camera* review.

Affirmed in part and remanded in part.

Chief Judge MARTIN and Judge GEER concur.