STATE OF NORTH CAROLINA v. JERRY DALE SMITH, DEFENDANT

No. COA05-1240

(Filed 20 June 2006)

**1. Criminal Law— felony fleeing to elude arrest—motion to dismiss—sufficiency of evidence—aggravating factors**

The trial court did not err by denying defendant's motion to dismiss the charge of felony fleeing to elude arrest under N.C.G.S. § 20-141.5(b), because: (1) an officer testified that defendant sped at least in excess of sixty miles per hour in speedzone areas of thirty-five and forty-five miles per hour, thus providing sufficient evidence that defendant drove more than fifteen miles per hour over the speed limit as required for a charge under N.C.G.S. § 20-141.5(b); and (2) an officer provided sufficient testimony to show that defendant's actions satisfied the definition of reckless driving including that it was a rainy day, defendant was involved in a high-speed chase and came close to hitting an oil tanker at speeds in excess of sixty miles per hour, and defendant crossed double yellow lines.

STATE v. SMITH

[178 N.C. App. 134 (2006)]

## 2. Confessions and Incriminating Statements— motion to suppress—interrogation—custody

The trial court did not err in a felony fleeing to elude arrest case by denying defendant's motion to suppress his confession, because: (1) defendant failed to preserve the issue for appellate review by impermissibly presenting a different theory on appeal than argued at trial; (2) even if the issue were properly preserved, undisputed evidence in the record established that defendant initiated the confession and his confession was not made in response to any questioning by an officer; and (3) although defendant was in custody when he confessed, Miranda protection is only triggered by a measure of compulsion above and beyond that inherent in custody itself.

## 3. Criminal Law— motion for continuance—failure to provide affidavit

The trial court did not abuse its discretion in a felony fleeing to elude arrest case by denying defendant's motion for a continuance, because: (1) defendant failed to provide with his motion an affidavit citing any reasons for a continuance beyond defense counsel's general statement that he needed time to process the information; (2) defendant failed to show how the additional time would have helped him to better prepare had the continuance been granted; (3) attempts to suggest reasons supporting the motion in a brief on appeal are insufficient to overcome the failure to provide these reasons to the trial court in an affidavit or otherwise; and (4) defendant failed to demonstrate that he was materially prejudiced as a result of the denial of his motion to continue, and the overwhelming evidence of his guilt negates any inference that he suffered material prejudice.

Appeal by Defendant from judgment entered 26 April 2005 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Court of Appeals 16 May 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly D. Potter, for the State.*

*Mercedes O. Chut, for defendant-appellant.*

WYNN, Judge.

Fleeing to elude arrest constitutes a felony if the State establishes at least two of the statutory aggravating factors under section

20-141.5(b) of the North Carolina General Statutes. Here, Defendant contends the State failed to present sufficient evidence to support his conviction for felony fleeing to elude arrest. Because the evidence supported finding the section 20-141.5(b) aggravating factors of driving more than fifteen miles per hour over the speed limit and reckless driving, we affirm Defendant's conviction.

The facts tend to show that in June 2004 while patrolling in Buncombe County, Officer William Cummings received information that "a subject wanted on [two felony] warrants" was possibly in the area, and that he was "operating . . . a powder blue Nissan or Datsun 280-Z[.]" Upon seeing a powder blue Datsun 280-Z "passing cars on the double yellow line" about an hour later, Officer Cummings "turned on the overhead lights" to his squad car and pursued the vehicle.

The vehicle passed through a construction zone nearly striking a gasoline truck, rounded a curve in the road and stopped. Thereafter, "a white male, average weight, [average height] . . . dressed in all black or all dark clothing" with "dark hair" exited the vehicle, ran across the road, jumped over an approximate ten-foot wall and disappeared into the woods.

Officer Cummings determined that the blue Datsun from which the suspect fled was registered to Brenda Darlene Lovelace in Canton, North Carolina. He summoned other officers to form a perimeter around the area, since there were "limited places [for the suspect] to come out."

Upon receiving a call that "[the subject] had been picked up by his wife in a green jeep with a black rag top on it", Officer Cummings spotted the vehicle and initiated a felony traffic stop. The female driver who identified herself as "Miss Lovelace," drove a vehicle registered to the same address as the blue Datsun. The passenger in the vehicle, Defendant Jerry Dale Smith, was dressed "in dark clothing, completely soaked from head to toe," and "had trouble walking." Officer Cummings asked Defendant if he needed an ambulance to which he responded that "he possibly hurt [his ankle] when he jumped over the wall," but that "he'd be fine" without an ambulance. Officer Cummings then took him into custody and placed him in the back of the patrol car.

Officer Cummings testified that during the ride to the Buncombe County Detention Center, he "closed the shield on the cage" between

Defendant and himself and took care not to speak with Defendant. But Defendant initiated conversation with Officer Cummings and essentially confessed to the crime. Officer Cummings explained:

> As he was riding in the back seat he stated several times that he was sorry, that he was scared, that he knew he was wanted, that he figured that when we passed him that we were looking for him. I told him he about hit the tanker truck. He stated he was a good driver, that wouldn't have happened.

Defendant was charged and later found guilty of felonious operation of a vehicle to elude arrest and being an habitual felon. The trial court sentenced Defendant to a term of 133 to 169 months imprisonment. Defendant appeals contending the trial court erred by denying his motions to (I) dismiss the charge of felonious operation of a vehicle to elude arrest, (II) suppress his confession, and (III) continue his trial.

I.

[1] "When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation omitted); *see also State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004); *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002). Our Supreme Court has defined "substantial evidence" as "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Garcia*, 358 N.C. at 412, 597 S.E.2d at 746 (citations omitted).

Additionally, " '[i]f there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.' " *Butler*, 356 N.C. at 145, 567 S.E.2d at 140 (alteration in original) (quoting *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988)).

Here, Defendant was convicted of fleeing to elude arrest under section 20-141.5(b) of the North Carolina General Statutes which provides, in pertinent part:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit. . . .

(3) Reckless driving as proscribed by G.S. 20-140.

N.C. Gen. Stat. § 20-141.5(a)-(b) (2005).

Defendant contends the State failed to present sufficient evidence to support the aggravating factors necessary to support a conviction for felony fleeing to elude arrest. However, a review of the record reveals that Officer Cummings testified that Defendant sped "at least in excess of sixty [miles per hour]" in speed-zone areas of thirty-five and forty-five miles per hour. This evidence supports finding that Defendant drove more than fifteen miles per hour over the speed limit as required for a charge under section 20-141.5(b)(1) of the North Carolina General Statutes.

As to the second aggravating factor of reckless driving, section 20-140 of the North Carolina General Statutes defines "reckless driving" as (a) driving "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others"; or (b) driving "without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." N.C. Gen. Stat. § 20-140(a)-(b) (2005). The record reveals that Officer Cummings testified that it was rainy that day and that during the high-speed chase, Defendant came extremely close to hitting an oil tanker at speeds in excess of sixty miles per hour. Officer Cummings further testified that he observed Defendant crossing double yellow lines shortly after he passed Defendant's car. This evidence was sufficient to show that Defendant's actions satisfied the definition of "reckless driving" under section 20-140 which is referenced by section 20-141.5(b) of the North Carolina General Statutes.

In sum, the State presented sufficient evidence to withstand Defendant's motion to dismiss the felonious fleeing to elude arrest charge.

## II.

**[2]** The record shows Defendant failed to preserve for appellate review the issue of whether his confession should have been suppressed. To preserve a question for appellate review, North Carolina Rule of Appellate Procedure 10(b)(1) requires a party to state the "specific grounds" for the desired ruling. N.C. R. App. P. 10(b)(1). "Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to 'swap horses between courts in order to get a better mount' in the appellate courts." *State v. Holliman,* 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citing *State v. Sharpe,* 344 N.C. 190, 194, 473 S.E.2d 3, 5-6 (1996)).

At trial in this case, Defendant specifically moved to suppress his confession on due process grounds:

COURT: And you move to suppress the statement because of what grounds?

MR. OLESIUK: Due process, your Honor.

At the end of the hearing, the trial court gave defense counsel an opportunity to clarify the grounds for the motion to suppress, and even specifically asked defense counsel whether Defendant was moving to suppress on grounds related to the voluntariness of his confession:

COURT: [Y]ou said due process. Are you contesting it on the voluntariness of the statement?

MR. OLESIUK: I am more with regard to the criminal procedure, sharing of Discovery and such as that. Due process, the timeliness of the information.

Thus, for the first time on appeal, Defendant asserts that the trial court erred in denying his motion to suppress under *Miranda.* As Defendant impermissibly presents a different theory on appeal than argued at trial, this assignment of error was not properly preserved for appellate review. *See Holliman,* 155 N.C. App. 120 at 124, 573 S.E.2d at 686 (holding that the defendant waived his assignment of

error on appeal where he argued at trial that evidence should have been suppressed on the grounds that it was "coerced," but then argued on appeal that the statement should have been suppressed for "lack of probable cause[.]"). Nonetheless, even if this issue was properly before this Court, we would uphold the trial court's admission of his confession under *Miranda*.

For *Miranda* purposes, the United States Supreme Court defines "interrogation" as "[a] practice that the police should know is reasonably likely to evoke an incriminating response from a suspect[.]" *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308 (1980). Moreover, "interrogation" for *Miranda* purposes does not include "words or actions . . . normally attendant to arrest and custody," and must consist of "a measure of compulsion above and beyond that inherent in custody itself." *Id.* at 300-01, 64 L. Ed. 2d at 307-08 (holding that no *Miranda* warning was required for admissibility of confession, even where police talked to each other suggestively about the defendant's crime in his presence, because the defendant was not subjected to the "functional equivalent" of interrogation under such circumstances).

Our Supreme Court analyzed *Miranda* and its applicability in *State v. Walls*, 342 N.C. 1, 28, 463 S.E.2d 738, 750 (1995), *cert. denied*, 517 U.S. 1197, 134 L. Ed. 2d 794 (1996):

> *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, *reh'g denied*, 385 U.S. 890, 17 L. Ed. 2d 121 (1966), provides that custodial interrogation must cease when a suspect indicates he wishes to remain silent. 'At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise.' *Id.* at 474, 16 L. Ed. 2d at 723. The Court, however, made quite clear that the holding in *Miranda* did not affect the fact that '[v]olunteered statements of any kind are not barred by the Fifth Amendment.' *Id.* at 478, 16 L. Ed. 2d at 726. The Court has defined 'interrogation' as '[a] practice that the police should know is reasonably likely to evoke an incriminating response from a suspect.' *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308 (1980).

*Id.* at 28, 463 S.E.2d at 750.

After considering the evidence introduced in the suppression hearing, the trial court made the following findings of fact:

THE COURT: . . . the Court concludes that such statement by the defendant was made without any questions being asked of him. He was never given his *Miranda* rights and no questions were asked of him. Any statements he made were initiated by him, volunteered by him, and that any opportunity for silence was waived by him in view of his initiating contact.

This Court's review of the denial of a motion to suppress is limited to determining whether the trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and whether the findings of fact in turn support the conclusions of law. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). If the trial court's conclusions of law are supported by its factual findings, this Court will not disturb those conclusions on appeal. *State v. Logner*, 148 N.C. App. 135, 138, 557 S.E.2d 191, 193-94 (2001).

After careful review of the record on appeal, we conclude the trial court properly denied Defendant's motion to suppress. Undisputed evidence in the record establishes that Defendant initiated the confession and that his confession was not made in response to any questioning by Officer Cummings:

Mr. Hess: And, did you ask [Defendant] any questions?

Officer Cummings: No, I never asked him anything other than his name.

Officer Cummings further testified that it was his practice to never ask questions of suspects until after booking, and that he closed the shield on the police car's cage after placing Defendant in the back seat. Defendant did not rebut any of this evidence, and he did not provide any evidence suggesting that his statement was involuntary, or that Officer Cummings had questioned him.

Nonetheless, Defendant argues on appeal that because he was in custody when he confessed, his confession is equivalent to the coercion inherent in "interrogation" for which *Miranda* warnings are required. However, the United States Supreme Court explicitly rejected this argument in *Innis*, explaining that *Miranda* protection is only triggered by "a measure of compulsion above and beyond that inherent in custody itself." *Innis*, 446 U.S. at 300, 64 L. Ed. 2d at 307. As the *Innis* Court held that a defendant's voluntary confession made in custody while riding in a police car where the officers were suggestively discussing the defendant's crime was not "interrogation",

Defendant's argument in this case, that he was subjected to any "interrogation" for *Miranda* purposes, is without merit.

## III.

**[3]** Defendant further argues that the trial court erred by denying his motion for a continuance. The standard of review for a trial court's ruling on a motion for a continuance

> is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review. When a motion to continue raises a constitutional issue, the trial court's ruling is fully reviewable upon appeal. Even if the motion raises a constitutional issue, a denial of a motion to continue is grounds for a new trial only when defendant shows both that the denial was erroneous and that he suffered prejudice as a result of the error.

*State v. Jones*, 172 N.C. App. 308, 311, 616 S.E.2d 15, 18 (2005) (quoting *State v. Taylor*, 354 N.C. 28, 33-34, 550 S.E.2d 141, 146 (2001)). Moreover,

> to establish that the denial of a continuance motion was prejudicial, 'a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense. To demonstrate that the time allowed was inadequate, the defendant must show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion.'

*Id.* (quoting *State v. Williams*, 355 N.C. 501, 540-41, 565 S.E.2d 609, 632 (2002)). Thus, "a motion for a continuance should be supported by an affidavit showing sufficient grounds for the continuance." *State v. Jones*, 342 N.C. 523, 531, 467 S.E.2d 12, 17 (1996) (quoting *State v. Kuplen*, 316 N.C. 387, 403, 343 S.E.2d 793, 802 (1986)); *see also State v. Cradle*, 281 N.C. 198, 208, 188 S.E.2d 296, 303, *cert. denied*, 409 U.S. 1047, 34 L. Ed. 2d 499 (1972) (explaining "[c]ontinuances should not be granted unless the reasons therefor are fully established. Hence, a motion for a continuance should be supported by an affidavit showing sufficient grounds.").

Analogous to this case, in *State v. McCullers*, 341 N.C. 19, 460 S.E.2d 163 (1995), a murder defendant moved to continue after the State provided the defendant with a list of six potential alibi witnesses on the Friday afternoon before the Monday on which the trial

**STATE v. SMITH**

[178 N.C. App. 134 (2006)]

was scheduled. *Id.* at 32, 460 S.E.2d at 171. The defendant in that case argued that the witnesses "would be important for the defense," and that he "had spent the weekend trying to locate the witnesses but had not had the opportunity to interview anyone." *Id.* Our Supreme Court held that the trial court properly denied the defendant's motion to continue, explaining that "defendant's oral motion to continue was not 'supported by an affidavit showing sufficient grounds,'" and that "the need to question these witnesses was not 'fully established.'" *Id.* at 33, 460 S.E.2d at 171 (quoting *Cradle*, 281 N.C. at 208, 188 S.E.2d at 303). The Court rejected the defendant's argument that his brief on appeal set forth sufficient reasons for a continuance, finding instead that these reasons should have been presented to the trial court at the time of the motion. *Id.*

Here, the prosecutor notified defense counsel regarding Defendant's confession on the Friday afternoon before the trial was scheduled to begin. Defendant moved for a continuance at trial, offering the following explanation:

MR. OLESIUK: I'll ask for a motion to continue, your Honor, simply to be able to completely process the new information and to be better able to advise my client.

Defendant failed to provide an affidavit illustrating sufficient grounds for the continuance along with his motion citing any reasons for a continuance beyond his counsel's general statement that he needed time to "process this information." Specifically, Defendant failed to show how the additional time would have helped him to better prepare had the continuance been granted. While Defendant attempts to suggests reasons supporting the motion in his brief on appeal, as in *McCullers*, this attempt is insufficient to overcome his failure to provide these reasons to the trial court in an affidavit or otherwise. *McCullers*, 341 N.C. at 33, 460 S.E.2d at 171.

Moreover, Defendant has failed to demonstrate that he was materially prejudiced as a result of the denial of his motion to continue. *See State v. Ellis*, 130 N.C. App. 596, 599, 504 S.E.2d 787, 789 (1998) (where there is "overwhelming evidence of [a defendant's] guilt," a court must reject the defendant's challenge for failure to satisfy the prejudice requirement). Unlike the alibi witnesses that could have potentially exonerated the defendant in *McCullers*, Defendant's incriminating statements in this case merely added to the overwhelming evidence of his guilt. The jury was presented with evidence of multiple matching identifications of Defendant as the correct sus-

pect, which were based both on his physical description as well as his address matching that to which the blue Datsun was registered. In addition, the jury heard Defendant's statement to Officer Cummings (to which Defendant does not object) that he hurt his foot when he "jumped over the wall." It follows that the overwhelming evidence of Defendant's guilt negates any inference that he suffered material prejudice as a result of the denial of the motion to continue.

No error.

Judges GEER and STEPHENS concur.