STATE OF NORTH CAROLINA v. JERRY DALE HOWELL

No. COA08-111

(Filed 15 July 2008)

## 1. Appeal and Error— preservation of issues—failure to rule on motion in limine—failure to introduce evidence

Although defendant contends the trial court erred in a multiple attempting to evade or defeat tax case under N.C.G.S. § 105-236(a)(7) by failing to admit into evidence defendant's filing of amended tax returns following his indictment on these charges, this issue is dismissed because defendant has not properly preserved this issue for review when: (1) the trial court did not rule on the motion in limine; (2) defendant failed to attempt to introduce evidence at trial; and (3) even assuming arguendo that the trial court granted the State's motion in limine and that there was a proffer of the evidence in the record, the trial court would have properly excluded this evidence since the subsequent satisfaction of defendant's tax liability has no bearing on whether defendant willfully evaded his tax obligations at the times when those taxes were due.

## 2. Appeal and Error— preservation of issues—failure to make offer of proof

Although defendant contends the trial court erred in a multiple attempting to evade or defeat tax case under N.C.G.S. § 105-236(a)(7) by excluding evidence of defendant's inquiry to the Department of Revenue investigator of what he could do to "make things right," this issue was not properly preserved for review because: (1) defendant made no request to make a proffer of the agent's answer; and (2) the Court of Appeals will not speculate as to what the answer would have been or its significance.

## 3. Constitutional Law— effective assistance of counsel—failure to make motion to dismiss charges

A defendant did not receive ineffective assistance of counsel in a multiple attempting to evade or defeat tax case under N.C.G.S. § 105-236(a)(7) based on his trial counsel's failure to make a motion to dismiss the charges at the close of the State's case because: (1) defendant did not contend in his brief that he filed his 2003 and 2004 state income tax returns and did not assert that he filed an accurate return for 2005, but instead contended

only that his actions were not willful; (2) taken in the light most favorable to the State, substantial evidence was presented showing that defendant acted willfully, including defendant's statements coupled with his actions; and (3) defendant failed to demonstrate that but for the failure of counsel, there would have been a reasonable probability of a different outcome.

Appeal by defendant from judgment entered 14 November 2007 by Judge Kenneth C. Titus in Wake County Superior Court. Heard in the Court of Appeals 11 June 2008.

*Attorney General Roy A. Cooper III, by Assistant Attorney General Kathleen M. Barry, for the State.*

*Richard E. Jester for defendant-appellant.*

STEELMAN, Judge.

Where the trial court reserved ruling on the State's pre-trial motion *in limine* until trial, and defendant failed to attempt to introduce the evidence at trial, the issue is not preserved for appellate review. Where defendant failed to make a proffer of excluded testimony, he has not properly preserved the issue for review. Where defendant failed to show that but for his counsel's failure to make a motion to dismiss at the close of the State's evidence, the outcome would have been different, he has not met the requirements of the *Strickland* test to show ineffective assistance of counsel.

## I.  Factual and Procedural Background

Jerry Dale Howell (defendant) was hired by the City of Gastonia (the City) as a police officer on 25 June 2001. Prior to starting his new job, defendant completed and returned a NC-4 tax form to the City on 25 June 2001. On his NC-4 form, defendant claimed he was exempt from state withholding taxes. On 28 October 2004 defendant completed a second NC-4 form, where again he claimed he was exempt from withholding taxes.

The City did not withhold taxes from defendant's earnings during 2003 or 2004. Defendant failed to file North Carolina individual income tax returns for the 2003 and 2004 tax years. When the North Carolina Department of Revenue became aware of defendant's failure to file tax returns for the 2003 and 2004 tax years, it sent a letter to the City requesting copies of defendant's 2003 and 2004 Federal W-2 forms and his NC-4 forms. After creating substitute returns for

defendant based on the W-2 and NC-4 forms, the Department of Revenue instructed the City to immediately begin withholding taxes from defendant's earnings. The substitute returns revealed that defendant owed state income taxes for the years 2003 and 2004. Defendant filed a 2005 individual income tax return, but reported no wages, salaries, or tips.

On 9 April 2007 defendant met with a criminal investigator from the North Carolina Department of Revenue. During this meeting defendant gave several reasons why he claimed exemption from withholding taxes.

On 5 June 2007, defendant was indicted on three counts of attempting to evade or defeat tax pursuant to N.C. Gen. Stat. § 105-236(a)(7). The jury found defendant guilty of all three counts. Defendant was sentenced to six to eight months imprisonment. This sentence was suspended and defendant was placed on probation for thirty-six months. Defendant appeals.

## II. Evidence of Filing Amended Returns

[1] In his first argument, defendant contends that the trial court erred in not admitting into evidence defendant's filing of amended tax returns following his indictment on these charges. We disagree.

Prior to trial, the State filed a motion *in limine* requesting that the court prohibit defendant from introducing evidence that he had filed amended state tax returns after being indicted on these charges. Judge Titus heard the motion, pre-trial, but decided to defer ruling upon it until the appropriate time during the trial. Defendant did not attempt to introduce this evidence during trial.

N.C. Gen. Stat. § 1-277 limits appeals to judicial orders or determinations actually made by the judge. N.C. Gen. Stat. § 1-277 (2007). Since Judge Titus did not rule on the motion *in limine*, we hold that defendant has not properly preserved this issue for review.

Further, by failing to attempt to introduce the evidence at trial, the issue is not preserved. *State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005); *State v. Oglesby*, 361 N.C. 550, 554-55, 648 S.E.2d 819, 821 (2007).

Even assuming *arguendo* that the trial court granted the State's motion *in limine*, and that there was a proffer of the evidence in the record, the trial court would have properly excluded the evidence that defendant filed amended tax returns following his arrest.

Whether or not defendant subsequently satisfied his tax liability to the State has no bearing on whether defendant willfully evaded his tax obligations at the times when those taxes were due. Such evidence was therefore irrelevant and properly excluded under N.C. Gen. Stat. § 8C-1, Rule 402. *See, e.g., United States v. Klausner*, 80 F.3d. 55, 63 (2d Cir. 1996) (where the defendant failed to file tax returns when due, but later filed the delinquent tax returns after becoming the subject of a criminal investigation, the Court stated that the defendant's "eventual cooperation with the government does not negate willfulness in his earlier attempts to evade his income tax liability").

This argument is without merit.

### III. Exclusion of Defendant's Statement

[2] In his second argument, defendant contends that the trial court erred in excluding evidence of defendant's inquiry to the Department of Revenue investigator of what he could do to make "things right". We disagree.

On cross-examination, defense counsel questioned Agent Willis about her meeting with defendant on 9 April 2007 and whether defendant had ever asked what he could do to make the situation "right." The State's objection to this question was sustained.

"In order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Raines*, 362 N.C. 1, 20, 653 S.E.2d 126, 138 (2007) (citing *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985)).

Defendant made no request to make a proffer of Agent Willis' answer. This Court will not speculate as to what the answer would have been or its significance. *Roanoke Chowan Regional Housing Authority v. Vaughan*, 81 N.C. App. 354, 361, 344 S.E.2d 578, 583 (1986) (citing *C.C.T. Equipment Co. v. Hertz Corp.*, 256 N.C. 277, 285 123 S.E.2d 802, 808 (1962)). This issue has not been properly preserved for our review and is dismissed.

### IV. Ineffective Assistance of Counsel

[3] In his third argument, defendant contends that his counsel was ineffective in failing to make a motion to dismiss the charges at the close of the State's evidence. We disagree.

The Sixth Amendment guarantees a defendant, in a criminal prosecution, the right to assistance of counsel. U.S. Const. amend. VI. The right to representation by counsel has been interpreted as the right to effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 654, 80 L. Ed. 2d 657, 664 (1987). In *Strickland v. Washington*, the United States Supreme Court enunciated a two-prong test to determine whether counsel is ineffective. 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984).

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 80 L. E. 2d at 693. Defendant must show that there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Al-Bayyinah*, 359 N.C. 741, 751, 616 S.E.2d 500, 509 (2005) (quoting *Strickland*, 466 U.S. at 694, 80 L. E. 2d at 698).

Defendant asserts that Agent Willis' testimony revealed that defendant believed that "wages" were not "income" and that defendant lacked the necessary willfulness to be guilty of the crimes. Defendant further argues that had a motion to dismiss been properly made at the close of the State's evidence, the motion would have been granted.

In ruling on a motion to dismiss at the close of the State's evidence, the trial court is required to consider the evidence in the light most favorable to the State. *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). The trial court must determine as a matter of law whether the State has offered substantial evidence of defendant's guilt on every essential element of the crime charged. *State v. Corbett*, 307 N.C. 169, 182, 297 S.E.2d 553, 562 (1982). Substantial evidence is "relevant evidence that a reasonable person might accept as adequate or would consider necessary to support a particular conclusion." *State v. Smith*, 178 N.C. App. 134, 137, 631 S.E.2d 34, 37

(2006) (quoting *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004)).

Defendant was charged with three counts of willfully attempting to evade income tax pursuant to N.C. Gen. Stat. § 105-236(a)(7), which reads as follows:

> (7) Attempt to Evade or Defeat Tax.—Any person who willfully attempts, or any person who aids or abets any person to attempt in any manner to evade or defeat a tax or its payment, shall, in addition to other penalties provided by law, be guilty of a Class H felony.

N.C. Gen. Stat. § 105-236(a)(7) (2007). In his brief, defendant does not contend that he filed his 2003 and 2004 State income tax returns, nor does he assert that he filed an accurate return for 2005. Rather, he contends only that his actions were not willful. Any argument except for willfulness is deemed abandoned, and we need only address the question of willfulness. N.C. R. App. P. 28(b)(6) (2007).

To withstand defendant's motion to dismiss, the State must present substantial evidence that defendant's failure to file a tax return was willful. *State v. Houston*, 122 N.C. App. 648, 649, 471 S.E.2d 127, 127-28 (1996). Willfully means to purposely commit an offense in violation of a known legal duty. *State v. Whittle*, 118 N.C. App. 130, 135, 454 S.E.2d 688, 691 (1995) (citing *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940)).

"We have previously noted that [a defendant's] mental state is seldom provable by direct evidence. Therefore, the willfulness of an individual's conduct may be inferred from the circumstances surrounding the events." *Rose v. City of Rocky Mount*, 180 N.C. App. 392, 397, 637 S.E.2d 251, 255 (2006) (citations omitted); *see also State v. Davis*, 96 N.C. App. 545, 554, 386 S.E.2d 743, 748 (1989) (the culmination of defendant's failure to file tax returns, his belief that taxes were unconstitutional, and fraudulent claims of exemption is enough to show willful attempt to evade a tax).

Taken in the light most favorable to the State, substantial evidence was presented showing that defendant acted willfully. The State introduced statements made by defendant to Agent Willis regarding his views on taxes and the reason why he did not file returns for two years. Defendant claimed he was "short" after his divorce, that he was trying to "find a way out," and that he was trying

to do whatever he needed to do to "make it." Defendant explained that he was having a hard time as a police officer and he wanted to find a way to keep his earnings. Defendant also told Agent Willis that he was exempt from state taxes in order to provide a nice place for his son to stay when he visited. Defendant further stated Congress and the Senate wasted tax money. The State also introduced evidence of defendant's belief that the government was wasting *his* tax money. (emphasis added). In addition to these statements, the State presented evidence that defendant failed to file individual income tax returns for 2003 and 2004, and that he filed a fraudulent return for 2005. Defendant's statements, coupled with his actions, were sufficient to warrant a finding that defendant willfully attempted to evade the state individual income tax. Taken in the light most favorable to the State, this is sufficient substantial evidence to support the denial of defendant's motion to dismiss, had it been made.

Defendant's arguments are nothing more than a thinly veiled attempt to have this Court construe the evidence in the light most favorable to defendant and not to the State. This is not the correct standard of review, as previously noted above. *Lee*, 348 N.C. at 488, 501 S.E.2d at 343.

Defendant has failed to demonstrate that, but for the failure of counsel to move to dismiss at the close of the State's evidence, there would have been a reasonable probability that the outcome would have been different. *Strickland*, 466 U.S. at 694, 80 L. E. 2d at 698; *Al-Bayyinah*, 359 N.C. at 751, 616 S.E.2d at 509.

This argument is without merit.

Remaining assignments of error listed in the record but not argued in the defendant's brief are deemed abandoned. N.C. R. App. P. 28(b)(6) (2007).

NO ERROR.

Judges McGEE and GEER concur.