STATE OF NORTH CAROLINA
v.
PAUL KEVIN SHIVE.
No. COA08-921
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Laura E. Crumpler, for the State
Michael J. Reece for defendant-appellant.
ROBERT C. HUNTER, Judge.
Defendant appeals from judgments entered on convictions of two counts of statutory sex offense, two counts of crimes against nature, and seven counts of taking indecent liberties with a child. Defendant contends the trial court erred by excluding certain testimony of his expert witness. The record shows that defendant called the witness, Dr. John Warren, a psychologist, to the stand. Prior to receiving any testimony of the witness, the court conducted a voir dire hearing. After hearing the voir dire testimony and arguments of counsel, the court ruled that it would (1) allow the witness to testify as to statements made to him by defendant to the extent the testimony corroborated defendant's testimony; (2) not allow the witness to testify about the quality of communication between the mother and the child; (3) not allow the witness to testify regarding the results of a MMPI evaluation of a victim; (4) and allow the witness to testify about the characteristics of sexually abused children.
Defendant argues the court should have allowed Dr. Warren to testify (1) as to whether symptoms exhibited by a victim were consistent with sexual or physical abuse; and (2) as to the results of the MMPI-Adolescent profile of this victim. Although defendant claims that he was not allowed to ask the witness whether the victim's conduct or behavior was consistent with characteristics of abused children, the record shows otherwise. The record shows that the trial court informed the parties that defendant could ask the witness "if the evidence were to show that" the child behaved in a particular way, "would that be consistent, in your opinion, with characteristics" of abused children. Defendant subsequently asked the witness, without objection, in the presence of the jury whether he would be able, based upon certain factors supportable by evidence in this case, "to express an opinion about the characteristics of a sexually abused child." The witness responded affirmatively and then stated his opinion and reasoning.
With regard to the results of the MMPI evaluation, we can find nothing in the record to demonstrate that defendant ever attempted to ask the witness at trial any questions regarding the evaluation. When a trial court has ruled upon a motion in limine, a defendant must renew his objection at trial in order to preserve the issue of the admissibility of the evidence for appellate review. State v. Oglesby, 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007). By failing to attempt to introduce the evidence at trial, defendant has not preserved this issue for our review. State v. Howell, ___ N.C. App. ___, ___, 662 S.E.2d 922, 924 (2008). This contention is dismissed.
By not bringing them forward and arguing them in his brief, defendant is deemed to have abandoned his other assignments of error. N.C.R. App. P. 28(b)(6) .
No error.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).