An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-534

Filed 4 June 2025

Iredell County, Nos. 20CRS053638-480, 20CRS054286-480

STATE OF NORTH CAROLINA

v.

GEORGE CHARLES HENRY WHITE, Defendant.

Appeal by Defendant from judgment entered 30 June 2023 by Judge Julia Lynn Gullett in Iredell County Superior Court. Heard in the Court of Appeals 24 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Caden W. Hayes, for the State.*

> *Joseph P. Lattimore, for Defendant-Appellant.*

CARPENTER, Judge.

George Charles Henry White ("Defendant") appeals from judgment entered after a jury found him guilty of voluntary manslaughter and possession of a firearm by a felon. On appeal, Defendant argues the trial court erred by failing to consider the six residual hearsay factors when determining the admissibility of Defendant's interview statements, and excluding Defendant's interview statements after the

State opened the door. Because Defendant's arguments are not preserved, he has waived appellate review. Accordingly, we dismiss Defendant's appeal.

## I. Factual & Procedural Background

On 26 August 2020, an Iredell County grand jury indicted Defendant for first-degree murder. On 9 February 2020, an Iredell County grand jury indicted Defendant for possession of a firearm by a felon. Defendant's case proceeded to trial on 19 June 2023. The evidence tended to show the following.

In 2020, Defendant resided with his dog in a tent at a homeless encampment (the "Camp"). The Camp was located in a wooded area behind the WestWinds Carwash off Highway 90 in Statesville, North Carolina. There were two sections of the Camp: one in the woods near the train tracks that run east to west, and another approximately fifty yards further into the woods.

Nelson Bullin and Alan Alexander ("Victim") also resided in the Camp. On 18 August 2020, Bullin and Victim were together at the Camp. After consuming approximately six to eight alcoholic beverages, Victim got up out of his chair and told Bullin he would "be right back." Bullin also got up and left the Camp to visit a nearby Citgo. On his way to Citgo, Bullin heard three gunshots "in a row."

Officers with the Statesville Police Department responded to calls regarding shots fired at the Camp. Upon arrival, officers walked into the woods towards the Camp. As they approached the second part of the Camp, officers observed Defendant throw an item—later determined to be a semi-automatic Taurus handgun—on the

ground. Once they arrived at the second part of the Camp, officers observed Victim lying face down near Defendant's tent with a gunshot wound to the back. By this time, Defendant had returned to his tent.

Officers approached Defendant and placed him in custody. When asked why Defendant was taken into custody, Officer Brandon Koontz testified, "well . . . there was a dead body, [Defendant] just threw a gun, it was pretty much it." As Captain Danny Johnson radioed dispatch, Defendant interrupted, instructing Johnson to tell dispatch that "[I] shot that mother fucker. You know why? Because he's a bully and [an] asshole." Later, as Officer Koontz escorted Defendant out of the Camp, Defendant spontaneously stated, "You don't know how much of an asshole that mother-fucker was."

After exiting the Camp, Officer Koontz gave custody of Defendant to Officer Randolph Charbonneau, who took Defendant to his patrol car. As Officer Charbonneau placed Defendant into his patrol car, Defendant spontaneously stated, "I committed it, I already did this. [Victim] needed to die." Thereafter, Officer Charbonneau transported Defendant to the police station for a formal interview with Investigator Andrew Falls, the lead investigator on the case. During the interview, Defendant took a smoke break and made several incriminating statements to officers, including, "Fuck that mother-fucker. He needed to die," and "[a] lot of people are going to be happy."

On 23 June 2023, at the close of the State's evidence, defense counsel notified

the trial court that Defendant planned to present evidence the following Monday and was likely to testify. On Monday, however, Defendant informed the trial court that he was not going to testify. Then, the State and defense counsel had a conversation with the trial court off the record. Following the conversation, defense counsel stated: "I would like to recreate for the record a conversation or series of conversations that [the State] and I and Your Honor had in chambers."

Defense counsel began the recreation by saying:

> The first thing that I brought to everyone's attention was that I have anticipated that [Investigator] Falls may be a material witness for the defense . . . and I have had problems reaching him . . . and that I have been trying to do so ever since Thursday when I realized that [the State] had not called [Investigator] Falls as a witness . . . .
>
> I also served [the State] with a notice today to attempt to introduce through [Investigator] Falls [Defendant's] statements under Rule 804 . . . and in our chambers conversation we had discussions about whether or not those statements could come in under any exception that's listed out in Rule 804. Our contention is that Rule 804 applies because the witness, the declarant [Defendant], is unavailable as he is exercising his Fifth Amendment privilege not to testify . . . 804 has two exceptions that I think could be applicable. One is that these statements are against interest . . . and they also include things that go toward self defense . . . if the [c]ourt finds [they] are self-serving and, therefore, not against interest, I would submit to Your Honor that they could come in under the catch-all exception of Rule 804(b)(5)[.]

After hearing from the State, the trial court stated the following:

> First of all, the [D]efendant certainly does have the right not to testify, but it doesn't mean he's not available. Those

statements that - - any statements that were made during that interview would be . . . a separate and distinct interview after being advised pursuant to Miranda. So, therefore, the only way that the [D]efendant's statements during that interview may come in is if he testifies; otherwise, it would be hearsay.

Defense counsel responded:

I do want to let Your Honor know that the notice I served also indicates that it was done pursuant to 803-24. And 803 is, of course, hearsay where the declarant is available and it has the same catch-all exception as 804, and there I believe is also an exception under 803 to statement against interest.

To conclude the colloquy, the trial court stated the following:

The Court does find that the only way the [D]efendant's statements during that interview can come in is if the [D]efendant testifies; so, therefore, the Court will not allow that evidence *at this time.*

Thereafter, Defendant presented evidence to the jury, calling several witnesses to testify, excluding himself. On 30 June 2023, the jury found Defendant guilty of voluntary manslaughter and possession of a firearm by a felon. The trial court sentenced Defendant to between 84 and 113 months of imprisonment for the voluntary manslaughter conviction and between 17 and 30 months of imprisonment for the possession of a firearm by a felon conviction, to run consecutively with the voluntary manslaughter sentence. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2023).

### III. Issues

The issues are whether the trial court erred by failing to consider the six residual hearsay factors when determining the admissibility of Defendant's interview statements and excluding Defendant's interview statements after the State opened the door.

### IV. Analysis

#### A. Residual Hearsay Exceptions

First, Defendant asserts the trial court abused its discretion by not conducting the required six-part inquiry in response to Defendant offering his interview statements under the residual hearsay exceptions provided by Rules 803(24) and 804(b)(5). The State argues this issue is not preserved for our review because Defendant did not seek to admit his interview statements and failed to obtain a ruling on their admissibility. We agree with the State.

To properly preserve an issue for appeal, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." N.C. R. App. P. 10(b)(1). Further, motions *in limine* are "insufficient to preserve for appeal the question of the admissibility of evidence." *State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997). In other words, the issue of whether evidence is admissible is not preserved

unless the party attempts to introduce the evidence and thereby obtain a ruling. *State v. Howell*, 191 N.C. App. 349, 350, 662 S.E.2d 922, 924 (2008) ("[B]y failing to attempt to introduce the evidence at trial, the issue is not preserved.") (citations omitted).

Here, Defendant did not file a motion *in limine* requesting the trial court admit his interview statements. He also did not attempt to introduce his interview statements at any point during trial. Although Defendant provided written notice to the State stating his *intention* to introduce his interview statements through Investigator Falls, Defendant's only mention of the interview statements occurred during the recreated chambers conversation. Notably, at the end of the recreation, the trial court stated it would "not allow that evidence *at this time*." Thereafter, Defendant presented evidence, making no attempt to elicit the statements from any of his witnesses. Defendant failed to introduce his interview statements, request the trial court admit the statements, or obtain a ruling on their admissibility. Further, Defendant did not make an offer of proof on the record. *See Howell*, 191 N.C. App. at 350, 662 S.E.2d at 924.

The trial court's initial conclusion that the evidence was inadmissible—even though the out-of-court conversations were "recreated" for the record—was, at best, "a preliminary [ruling] subject to change during the course of trial, depending upon the actual evidence offered at trial." *State v. Locklear*, 145 N.C. App. 447, 452, 551 S.E.2d 196, 198–99 (2007) (citing *Hill*, 347 N.C. at 293, 493 S.E.2d at 274). Moreover,

Defendant never made an offer of proof. Because Defendant never offered the statements he now contends were admissible under the residual hearsay exceptions, he denied the trial court the opportunity to rule on their admissibility at trial. *See Howell*, 191 N.C. App. at 350, 662 S.E.2d at 924. Accordingly, this issue is unpreserved.

**B. Opening the Door**

Next, Defendant argues the trial court erred by excluding his interview statements because its ruling on whether the State "opened the door" was flawed. Again, the State argues this issue—which concerns the same interview statements— is not preserved for our review. We agree with the State. Similar to our reasoning outlined above, because Defendant did not introduce the interview statements and obtain a ruling on their admissibility at trial, this issue is not preserved for our review. *See Howell*, 191 N.C. App. at 350, 662 S.E.2d at 924.

Defendant, however, has specifically and distinctly argued plain error. *See State v. Reber*, 386 N.C. 153, 156–57, 900 S.E.2d 781, 786 (2024). Nevertheless, "[a] trial court's decision to admit or exclude evidence to which a party has opened the door is subject to review on appeal for abuse of discretion," *State v. McKoy*, 385 N.C. 88, 97, 891 S.E.2d 74, 81 (2023), and "issues that fall within the realm of the trial court's discretion" are not reviewable for plain error, *see State v. Steen*, 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000). Accordingly, we will not review for plain error.

**V. Conclusion**

Defendant's arguments regarding the admissibility of his interview statements are not preserved for our review. Defendant failed to introduce the statements and obtain a ruling on their admissibility at trial. Accordingly, we dismiss Defendant's appeal.

DISMISSED.

Judges GORE and FLOOD concur.

Report per Rule 30(e).